UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HENRIETTA ALSTON,                             :
                                              :       **SUMMARY ORDER**
                          Plaintiff,          :       03 –CV-0086 (DLI) (RML)
                                              :
              -against-                       :
                                              :
CITY OF NEW YORK and NEW YORK                 :
CITY DEPARTMENT OF BUILDINGS                  :
                                              :
                          Defendants.         :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, Henrietta Alston, brings this action against Defendants, the City of New York and the New York City Department of Buildings alleging age-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the New York City Human Rights Law. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 to dismiss plaintiff's claim for failure to file a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") and, in the alternative, to dismiss because plaintiff failed to establish a *prima facie* case of age-based discrimination. Plaintiff does not address her failure to file a timely charge with the EEOC in her opposition.

In order to file a valid discrimination complaint, a plaintiff must satisfy a statutory prerequisite, namely, plaintiff must file an administrative charge with the EEOC or a local equivalent agency within 300 days after the alleged discriminatory acts. *Crossman v. Crosson*, 905 F.Supp. 90, 92 (E.D.N.Y. 1995); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S. Ct. 2066 (1979) (holding "that § 14(b) [of the ADEA] mandates that a grievant not bring suit in federal court under § 7(c) of the ADEA until he has first resorted to appropriate state administrative proceedings."); *Butts v. City of New York Dep't of Hous. & Pres. & Dev.*, 990 F.2d 1397 (2d Cir. 1993) (holding that a district court only has jurisdiction to hear Title VII clams that are included in an EEOC charge). Here, plaintiff failed to comply with this statutory prerequisite and did not file an administrative charge with the EEOC or with the New York State Division on Human Rights.[1] Therefore, plaintiff is now time-barred from filing an EEOC charge and it cannot be the basis for her discrimination claim.

Although the Court may elect to hear an action because, like a statute of limitations, these requirements are subject to waiver, estoppel and equitable tolling, *see Crossman*, 905 F.Supp. at 92, such equitable modification is not permitted, unless "the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum . . . ." *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir.), *cert. denied*, 474 U.S. 851, 106 S. Ct. 148, 88 L. Ed. 2d 122 (1985). Here, plaintiff

---

[1] The Court notes that in August 2002, plaintiff's counsel attempted to file a charge with the EEOC, which was deemed deficient, not docketed and sent back to plaintiff's counsel in September 2002 for resubmission. *See* Def.'s Aff. Ex. X. However, plaintiff's counsel has failed to resubmit the EEOC charge.

has not met the heavy burden of establishing that she was prevented, in some extraordinary way, from exercising her rights to warrant bypassing the statutory prerequisite. In fact, plaintiff's counsel did attempt to file a EEOC charge, which was deemed deficient, not docketed and sent back to plaintiff's counsel for resubmission. *See* Def.'s Aff. Ex. X. However, plaintiff's counsel failed to resubmit the EEOC charge. Thus, defendant did not prevent plaintiff from filing an EEOC charge and plaintiff is not entitled to equitable leniency and bypass the statutory prerequisite of filing an EEOC charge. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's action is summarily dismissed.

DATED: Brooklyn, New York
September 21, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge